SHUKAT ARROW HAFER WEBER &
HERBSMAN, L.L.P.
Attorneys for Plaintiffs
111 West 57th Street, Suite 1120
New York, NY 10019
(212) 245-4580
Dorothy M. Weber, Esq. (DW 4734)
Peter S. Shukat, Esq. (PS 8074)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
:
YOKO ONO LENNON, SEAN ONO LENNON,    :     08 CV _____ (____)
JULIAN LENNON, and EMI BLACKWOOD     :
MUSIC, INC.,                         :     **COMPLAINT**
:
Plaintiffs,                 :
:
-against-                            :
:
PREMISE MEDIA CORPORATION, L.P., C&S  :
PRODUCTION L.P. d/b/a RAMPANT FILMS,  :
PREMISE MEDIA DISTRIBUTION L.P. AND   :
ROCKY MOUNTAIN PICTURES, INC.,        :
:
Defendants.                 :
-----------------------------------------------------------------x

Plaintiffs, Yoko Ono Lennon, Sean Ono Lennon, Julian Lennon and EMI Blackwood Music, Inc., by their attorneys, Shukat Arrow Hafer Weber & Herbsman, LLP, allege for their complaint, upon knowledge and belief as to their own acts and upon information and belief as to the acts of all others, as follows:

### THE PARTIES, JURISDICTION AND VENUE

1.  Plaintiff Yoko Ono Lennon is an individual residing in the State of New York. She is the widow of the late John Lennon, who was one of the most successful

and influential musicians of all time. Mrs. Lennon succeeded to all copyright, trademark and other intellectual property interests owned by John Lennon on his death, including, but not limited to, the trademark in "Imagine" (the "Mark") and is one of the renewal claimants for the music and lyrics to the song "Imagine" (the "Song").

2. Plaintiff Sean Ono Lennon is a citizen and resident of the State of New York and is a son of the late John Lennon. He is also a renewal claimant on the copyright registration for the Song.

3. Plaintiff Julian Lennon is a citizen of the United Kingdom and resident of Italy and is a son of the late John Lennon. He is also a renewal claimant on the copyright registration for the Song.

4. Plaintiff EMI Blackwood Music, Inc. is the publishing administrator of the Song. EMI Blackwood Music, Inc. is a Connecticut Corporation and has its principal place of business at 75 Ninth Avenue, New York, New York 10011

5. Defendant Premise Media Corporation is a Delaware limited partnership with its principal place of business in Dallas, Texas.

6. Defendant C&S Production, LP, d/b/a Rampant Films, is a Delaware limited partnership with its principal place of business in Gonzales, Texas.

7. Defendant Premise Media Distribution LP is a Delaware Limited Liability company with its principal place of business in Dallas, Texas.

8. Defendant Rocky Mountain Pictures, Inc. is a Utah Corporation with its principal place of business in Salt Lake City, Utah.

9. This Court has exclusive jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, §1332 and 1338 and Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)) and principles of pendent jurisdiction. The claims herein arise under Sections 106, 201, 501 and 504 of the Copyright Act (17 U.S.C. §§ 106, 201, 501 and 504) and the common law.

10. This Court also has jurisdiction based upon the diversity of the parties (28 U.S.C. §1332), as this is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

11. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(a) and (b) as there is complete diversity between Plaintiffs and Defendants, and since a substantial part of the events that are the subject matter of this lawsuit occurred in this judicial district, including, but not limited to, sales and distribution of the infringing Film, as defined hereinbelow, in this judicial district.

## BACKGROUND FACTS

12. John Lennon was a musician, artist and political activist whose status as an artistic genius and musical icon of the twentieth century cannot be disputed. His achievements as a musician, writer, artist and humanitarian are legendary and were cut short by his tragic and shocking assassination in 1980.

13. The distinctive artistic brilliance that has come to be associated with John Lennon's music is of inestimable value to his heirs.

14. The Song appeared on John Lennon's album entitled "Imagine." The December 4, 2004 issue of Rolling Stone magazine entitled the "500 Greatest Songs

of all Time" ranked the Song at number three (3). The Imagine album and single have sold multi-millions of copies worldwide. Simply, Imagine is one of the most recognizable songs in the world.

15. The Mark has been used in commerce since at least 1988 in connection with the sale and advertising of Plaintiff's products and services and has achieved secondary meaning through substantial usage and sales and the attendant consumer recognition. "Imagine" was also the title of the critically acclaimed David Wolper documentary on the life of John Lennon, produced with the participation of Plaintiff, Yoko Ono Lennon.

16. As a result of publicity, advertising and marketing efforts with respect to the Song, it has acquired secondary meaning as Lennon's "signature" song. Accordingly, the Song has become closely associated with and is synonymous with John Lennon and associated with Plaintiffs.

17. Through sponsorship and promotion of charitable and educational events, such as the John Lennon Educational Tour Bus and the Imagine Peace Tower, and through music, art and multimedia events regarding the musical legacy of John Lennon, Plaintiff Yoko Ono Lennon has intentionally associated the Mark with John Lennon's vision.

## THE FILM

18. On or about April 15, 2008, press reports were posted on Internet news sites incorrectly stating that Plaintiffs had licensed or otherwise authorized the use of the Song in a motion picture entitled "Expelled: No Intelligence Allowed" (the

"Film"). This was the first time that Plaintiffs became aware of the Film or the use of the Song in the Film. Defendants are the producers, distributors or otherwise involved with and profit from the Film.

19. None of the Plaintiffs granted permission for the use of the Song in the Film.

20. Internet "bloggers" immediately began accusing Mrs. Lennon of "selling out" by licensing the Song to Defendants.

21. On April 18, 2008, at a public showing of the Film at 11:40 a.m. at the E-Walk Stadium 1 Cinemas located at 247 West 42nd Street in New York City, the Film prominently featured the use of John Lennon's recording of the Song, together with a reproduction, by subtitle, of a portion of the lyrics of the Song on the screen.

22. The Film also contains other musical compositions, including "All Along The Watchtower" written by Bob Dylan, "Spirit In The Sky" written and performed by Norman Greenbaum "All These Things That I've Done" written by Brandon Flower, Dave Brent Keuning, Mark August Stoermer and Ronnie Vannucci, Jr. and performed by the artist "The Killers" and "Personal Jesus" written by Martin Lee Gore and performed by the artist "Depeche Mode."

23. On information and belief, the filmmakers obtained and/or applied for synchronization licenses for the use of the foregoing musical compositions and masters but did not obtain permission for use of the Song.

24. Rolling credits at the end of the movie state ownership, credit and permissions information for each such song licensed.

25. "Imagines'" ownership and credit information is also displayed among the similar information for the other music used, but close inspection of the momentary reference reveals that the "permission granted" line was omitted in the case of the Song.

26. Members of the consuming public are likely to perceive this credit information in the Film as suggesting that the Song was properly licensed. Indeed, commentators in the press have widely speculated that such use was approved by the owners of the intellectual property associated with "Imagine".

27. Upon information and belief, Defendants have intentionally and willfully used the Song without authorization because they knew that they would likely be unable to secure permission from Plaintiffs and/or because they wished to avoid the costs associated with lawfully licensing these works and paying royalties.

28. Upon information and belief, Defendants have also intentionally and willfully used the Song in a fashion that suggests to the public that such use was authorized, endorsed or sponsored by the Plaintiffs.

## FIRST CLAIM FOR RELIEF
### (Copyright Infringement)

29. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 28 with the same force and effect as if fully set forth herein.

30. At all relevant times, Plaintiffs are and have been the rightful owners and/or administrators of the copyrights in and to the Song.

31.  Plaintiffs Ono, Sean Ono Lennon and Julian Lennon have filed with the United States Copyright Office the deposit, application, and fee required for registration of the Song pursuant to 17 U.S.C. §§ 408, 409 and Copyright Registration RE-796-356 was issued on December 31, 1998, a copy which is annexed hereto as Exhibit A. The Song was originally registered on September 15, 1971 and bears registration number EU277294, a copy of which is annexed as Exhibit B.

32.  Defendants have no license or any other form of permission to copy, duplicate, or claim copyright ownership in the Song, or to sell or distribute any portion of the Song.

33.  Defendants have infringed Plaintiffs' copyright in the Song, in violation of the Copyright Act, 17 U.S.C. §§ 501 and 106, by copying, publishing, and distributing the Song.

34.  Such infringement is willful pursuant to the Copyright Act, 17 U.S.C. § 504.

35.  Defendants' unauthorized exploitation of the Song in the Film is in derogation of and injurious to Plaintiffs' exclusive rights as the owner and/or administrator of the copyright to the Song, all to the Plaintiffs' substantial damage.

36.  By reason of the foregoing acts of copyright infringement, Plaintiffs are entitled both to a permanent injunction enjoining Defendants from continuing the aforesaid acts of infringement, and to an award of damages in an amount to be proved at trial.

## SECOND CLAIM FOR RELIEF
### (Injunction)

37.   Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 37 with the same force and effect as if fully set forth herein.

38.   At all times herein Plaintiffs Yoko Ono Lennon, Sean Lennon and Julian Lennon were the owners of the copyright in and to the Song.

39.   By Defendants' public dissemination of the Song, Defendants have violated Plaintiffs' copyright interests in the Song.

40.   Plaintiffs have been damaged by Defendants' public dissemination of the Song, and will continue to suffer damage in the future if Defendants continue to publicly disseminate the Song.

41.   This Court is authorized by 17 U.S.C. § 502 to enjoin the future infringement of Plaintiffs' copyright in the Song.

## THIRD CLAIM FOR RELIEF BY YOKO ONO LENNON
### (Violation of § 43(a) of the Lanham Act)

42.   The Plaintiff, Yoko Ono Lennon, repeats and realleges the allegations set forth in paragraphs 1 through 41 as if fully set forth herein.

43.   Yoko Ono Lennon was the Executrix of the Estate of John Lennon.

44.   The name "Imagine" is distinctive and arbitrary and has acquired secondary meaning. "Imagine" is entitled to protection from misappropriation and from use on unauthorized goods and products.

45.     Defendants have used, and continue to use, "Imagine" in connection with the Film in a way which is likely to cause confusion and/or mistake among consumers by falsely suggesting and implying that the Film is authorized, approved and/or sponsored by the Plaintiff or is in some way affiliated, connected or associated with unauthorized uses.

46.     Defendants' conduct constitutes a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47.     The acts and conduct of Defendants have caused, and unless restrained and enjoined by this Court will continue to cause, great and irreparable harm to Plaintiffs in that there is a likelihood of confusion by the public as to the source or sponsorship of the Film, and that the offering for sale and sale of the Film usurps and perverts the market for licensed uses of the Song. Such irreparable harm cannot be adequately compensated or measured by money alone.

48.     Plaintiff has no adequate remedy at law.

49.     By reason of the foregoing, Plaintiff is entitled both to a permanent injunction enjoining Defendants from continuing the aforesaid violations of § 43(a) of the Lanham Act, and to an award of damages in an amount not less than three times Defendants' profits or damages, whichever is greater, and reasonable attorney fees.

**WHEREFORE**, Plaintiffs demand judgment against Defendants as follows:

a.     On Count I:

   i.     Finding that the Defendants have infringed the Plaintiffs' copyright interests in the Song;

ii. Permanently enjoining and restraining Defendants, their agents, affiliates and representatives from producing, manufacturing, printing, distributing, selling, marketing, promoting, advertising and/or otherwise exploiting the Film, or causing the foregoing activities to take place, and from otherwise infringing Plaintiffs' copyright interests in the Song;

iii. Entering judgment for Plaintiffs and against Defendants, jointly and severally, for Plaintiffs' actual damages plus Defendants' additional profits, or, in the alternative, statutory damages, pursuant to 17 U.S.C. § 504, in an amount yet to be determined, and directing Defendant to provide an accounting of all sales of and profits derived from the exploitation of the Film;

iv. ordering Defendants to account for all profits, gains and advantages derived from their acts of infringement and for its other violations of law;

v. That all gains, profits and advantages derived by Defendants from their acts of infringement be deemed to be held in constructive trust for the benefit of the Plaintiffs; and

vi. ordering Defendants to turn over all copies of the Film that are now within Defendant's ownership or control;

 b. On Count II, permanently enjoining and restraining Defendants, their agents, affiliates and representatives from producing, manufacturing, printing, distributing, selling, marketing, promoting, advertising and/or otherwise exploiting the Film, or causing the foregoing activities to take place, and from otherwise infringing the Plaintiffs' copyright interests in the Song;

 c. On Count III:

  i. permanently enjoining and restraining Defendants, their agents, affiliates and representatives from continuing use of the mark "Imagine" in connection with the Film in a way which is likely to cause confusion and/or mistake among consumers by falsely suggesting and implying that the Film is authorized, approved and/or sponsored by the Plaintiffs or that Plaintiffs are in some way affiliated, connected or associated with the Defendants' unauthorized uses, and from producing, manufacturing, printing, distributing, selling, marketing, promoting, advertising and otherwise exploiting the Film; and

  ii. awarding Plaintiff damages against Defendants, jointly and severally, in an amount to be proven at trial, but in no event less than Seventy-Five Thousand ($75,000) Dollars and not less than three times Defendants' profits or damages, whichever is greater, and reasonable attorney fees; and

d. Awarding Plaintiffs such other and further relief as may be just and proper.

Dated: New York, New York
    April 22, 2008

        SHUKAT ARROW HAFER WEBER
        & HERBSMAN, L.L.P.
        Attorneys for Plaintiffs
        111 West 57th Street
        New York, New York  10019

    By: */s/ Dorothy M. Weber*
        Dorothy M. Weber, Esq. (DW 4734)
        Peter S. Shukat, Esq. (PS 8074)

# Exhibit A

CERTIFICATE OF REGISTRATION





**FORM RE**
For Renewal of a Work
UNITED STATES COPYRIGHT OFFICE

RE 796-356

EFFECTIVE DATE OF RENEWAL REGISTRATION
DEC 3 1 1999
Month   Day   Year

[certification text, partially illegible]
...made a part of the Copyright Office records.

*Marybeth Peters*
REGISTER OF COPYRIGHTS
United States of America

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET (RE/CON).

**1** RENEWAL CLAIMANT(S), ADDRESS(ES), AND STATEMENT OF CLAIM ▼ (See Instructions)

1  Name ONO, YOKO
   Address C/O EMI MUSIC PUBLISHING 810 7TH AVENUE, 36TH FL, NEW YORK, NEW YORK 10019
   Claiming as WIDOW OF THE DECEASED AUTHOR, JOHN LENNON
   (Use appropriate statement from Instructions)

2  Name LENNON, SEAN ONO AND LENNON, JULIAN
   Address C/O EMI MUSIC PUBLISHING 810 7TH AVENUE, 36TH FL, NEW YORK, NEW YORK 10019
   Claiming as CHILDREN OF THE DECEASED AUTHOR, JOHN LENNON

3  Name
   Address
   Claiming as

**2** TITLE OF WORK IN WHICH RENEWAL IS CLAIMED ▼
IMAGINE

RENEWABLE MATTER ▼
WORDS AND MUSIC

PUBLICATION AS A CONTRIBUTION If this work was published as a contribution to a periodical, serial, or other composite work, give information about the collective work in which the contribution appeared.    Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼    Number ▼    Issue Date ▼

**3** AUTHOR(S) OF RENEWABLE MATTER ▼
LENNON, JOHN

**4** ORIGINAL REGISTRATION NUMBER ▼    ORIGINAL COPYRIGHT CLAIMANT ▼
EU277294    NORTHERN SONGS, LTD.

ORIGINAL DATE OF COPYRIGHT
If the original registration for this work was made in published form, give:    OR    If the original registration for this work was made in unpublished form, give:
DATE OF PUBLICATION _____    DATE OF REGISTRATION SEPTEMBER 15, 1971
(Month)   (Day)   (Year)    (Month)   (Day)   (Year)

MORE ON BACK ▶ • Complete all applicable spaces (numbers 5-8) on the reverse side of this page
• See detailed instructions    • Sign the form at space 7

DO NOT WRITE HERE
Page 1 of _2_ pages

|  | RENEWAL APPLICATION RECEIVED | FORM RE |
|---|---|---|
|  | DEC 31 1998 | |
|  | CORRESPONDENCE ☐ YES | FOR COPYRIGHT OFFICE USE ONLY |
|  | EXAMINED BY [signature] | |
|  | CHECKED BY | |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET (RE/CON).**

**5** **RENEWAL FOR GROUP OF WORKS BY SAME AUTHOR:** To make a single registration for a group of works by the same individual author published as contributions to periodicals (see instructions), give full information about each contribution. If more space is needed, request continuation sheet (Form RE/CON).

1  Title of Contribution: ........
   Title of Periodical: ........  Vol: ....  No: ....  Issue Date: ....
   Date of Publication: ........ (Month) (Day) (Year)  Registration Number: ........

2  Title of Contribution: ........
   Title of Periodical: ........  Vol: ....  No: ....  Issue Date: ....
   Date of Publication: ........ (Month) (Day) (Year)  Registration Number: ........

3  Title of Contribution: ........
   Title of Periodical: ........  Vol: ....  No: ....  Issue Date: ....
   Date of Publication: ........ (Month) (Day) (Year)  Registration Number: ........

4  Title of Contribution: ........
   Title of Periodical: ........  Vol: ....  No: ....  Issue Date: ....
   Date of Publication: ........ (Month) (Day) (Year)  Registration Number: ........

**6** **DEPOSIT ACCOUNT:** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of account.

Name: **EMI MUSIC PUBLISHING**
Account Number: **DA0 40983**

**CORRESPONDENCE:** Give name and address to which correspondence about this application should be sent.

Name: **A. PATEL/EMI MUSIC PUBLISHING**
Address: **810 SEVENTH AVENUE - 36TH FLOOR**
**NEW YORK**  **NEW YORK**  **10019**
(City)  (State)  (ZIP)
Area Code and Telephone Number ▶ **(212) 830-2000**

**7** **CERTIFICATION:** I, the undersigned, hereby certify that I am the: (Check one)
☐ renewal claimant  ☒ duly authorized agent of  **CLAIMANT OF SPACE ONE**
(Name of renewal claimant)
of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name ▼ **ANISH PATEL**
Date ▼ **11/13/98**

Handwritten signature (X) ▼ [signature]

**8** **MAIL CERTIFI-CATE TO**

Name ▼ **EMI MUSIC PUBLISHING**   ATTENTION: ANISH PATEL
Number/Street/Apt ▼ **810 SEVENTH AVENUE - 36TH FLOOR**
City/State/ZIP ▼ **NEW YORK, NEW YORK 10019**

Certificate will be mailed in window envelope

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

This form was electronically produced by Elite Federal Forms, Inc.

# Exhibit B

Case 1:08-cv-03813-SHS    Document 1    Filed 04/22/2008    Page 16 of 18

Page 1

# Application for Registration of a Claim to Copyright
in a musical composition the author of which is not a citizen or domiciliary of the United States of America and which was not first published in the United States of America

**FORM E FOREIGN**

| CLASS | REGISTRATION NO. |
|---|---|
| E | Eu 277294 |

DO NOT WRITE HERE
EF    EFO    EU

**Instructions:** Make sure that all applicable spaces have been completed before you submit the form. The application must be SIGNED at line 9. For published works the application should not be submitted until after the date of publication given in line 4(a), and should state the facts which existed on that date. For further information, see page 4.

Pages 1 and 2 should be typewritten or printed with pen and ink. Pages 3 and 4 should contain exactly the same information as pages 1 and 2, but may be carbon copies.

Mail all pages of the application to the Register of Copyrights, Library of Congress, Washington, D.C. 20540, U.S.A., together with the items specified in either Option A or B.

☐ **Option A:** One copy of the musical composition and a fee of $6. Make remittance payable to the Register of Copyrights.

☐ **Option B:** Two copies of the musical composition and a catalog card. This option is not available for unpublished works or if the author or proprietor is a U.S. citizen, domiciliary, or resident on the date application is filed. Option B is available only if the copies, a properly completed application, and catalog card are received in the Copyright Office within 6 months of the date of first publication.

**1. Copyright Claimant(s) and Address(es):** Give the name(s) and address(es) of the copyright owner(s). In the case of published works the name(s) should ordinarily be the same as in the notice of copyright on the copies of the work deposited.

Name ..... NORTHERN SONGS LIMITED

Address ..... 71-75 New Oxford Street, London W.C.1, England

Name ..... 

Address ..... 

**2. Title:** ..... IMAGINE
(Give the title of the musical composition as it appears on the copies)

**3. Authors:** Citizenship and domicile information must be given. Where a work was made for hire, the employer is the author. Authors include composers of music, authors of words, arrangers, compilers, etc. If the copyright claim is based on new matter (see line 5), give information about the author of the new matter.

Name ..... JOHN LENNON
(Give legal name followed by pseudonym if latter appears on the copies)
Citizenship ..... UNITED KINGDOM (Name of country)
Domiciled in U.S.A. Yes ____ No X    Address LONDON, ENGLAND
Author of ..... WORDS & MUSIC
(State which: words, music, arrangement, etc.)

Name ..... 
(Give legal name followed by pseudonym if latter appears on the copies)
Domiciled in U.S.A. Yes ____ No ____ Address ____
Citizenship ..... (Name of country)
Author of ..... 
(State which: words, music, arrangement, etc.)

Name ..... 
(Give legal name followed by pseudonym if latter appears on the copies)
Domiciled in U.S.A. Yes ____ No ____ Address ____
Citizenship ..... (Name of country)
Author of ..... 
(State which: words, music, arrangement, etc.)

**4. (a) Date of Publication:** ➤ (NOTE: Leave all spaces of line 4 blank unless your work has been PUBLISHED.) ◀
Give the complete date when copies of this particular version of the musical composition were first placed on sale, sold, or publicly distributed. The date when copies were made or printed should not be confused with the date of publication. NOTE: The full date (month, day, and year) must be given.

..... (Month) ..... (Day) ..... (Year)

**(b) Place of Publication:** Give the name of the country in which this particular version of the musical composition was first published.

**5. Previous Registration or Publication:** ➤ (NOTE: Leave all spaces of line 5 blank unless the instructions below apply to your work.) ◀
If a claim to copyright in any substantial part of this work was previously registered in the U.S. Copyright Office in unpublished form, or if any substantial part of the work was previously published anywhere, give requested information.

Was work previously registered? Yes ____ No ____ Date of registration ____ Registration number ____
Was work previously published? Yes ____ No ____ Date of publication ____ Registration number ____
Is there any substantial NEW MATTER in this version? Yes ____ No ____ If your answer is "Yes," give a brief general statement of the nature of the NEW MATTER in this version. (New matter may consist of musical arrangement, compilation, editorial revision, and the like, as well as additional words and music.)

EXAMINER

Complete all applicable spaces on next page

**6.** If registration fee is to be charged to a deposit account established in the Copyright Office, give name of account:
ATV-KIRSHNER MUSIC CORP.

**7.** Name and address of person or organization to whom correspondence or refund, if any, should be sent:
Name: ATV-KIRSHNER MUSIC CORP.    Address: 1370 Avenue of the Americas, NEW YORK, NEW YORK 10019

**8.** Send certificate to:

(Type or print name and address)

Name: MACLEN MUSIC, INC.
~~c/o ATV-Kirshner Music Corp.~~
Address: 1370 Avenue of the Americas
(Number and street)
City: New York    State: New York    ZIP code: 10019

**9. Certification:**

(Application not acceptable unless signed)

I CERTIFY that the statements made by me in this application are correct to the best of my knowledge.

*(Signature of copyright claimant or duly authorized agent)*

### Application Forms

Copies of the following forms will be supplied by the Copyright Office without charge upon request.

Class A   Form A—Published book manufactured in the United States of America.
Class A or B   Form A–B Foreign—Book or periodical manufactured outside the United States of America (except works subject to the ad interim provisions of the copyright law).
   Form A–B Ad Interim—Book or periodical in the English language manufactured and first published outside the United States of America.
Class B   Form B—Periodical manufactured in the United States of America.
   Form BB—Contribution to a periodical manufactured in the United States of America.
Class C   Form C—Lecture or similar production prepared for oral delivery.
Class D   Form D—Dramatic or dramatico-musical composition.
Class E   Form E—Musical composition the author of which is a citizen or domiciliary of the United States of America or which was first published in the United States of America.
   Form E Foreign—Musical composition the author of which is not a citizen or domiciliary of the United States of America and which was not first published in the United States of America.
Class F   Form F—Map.
Class G   Form G—Work of art or a model or design for a work of art.
Class H   Form H—Reproduction of a work of art.
Class I   Form I—Drawing or plastic work of a scientific or technical character.
Class J   Form J—Photograph.
Class K   Form K—Print or pictorial illustration.
   Form KK—Print or label used for an article of merchandise.
Class L or M   Form L–M—Motion picture.
   Form R—Renewal copyright.
   Form U—Notice of use of copyrighted music on mechanical instruments.

| FOR COPYRIGHT OFFICE USE ONLY | |
|---|---|
| Application received<br>SEP 15 1971 | |
| One copy received<br>SEP 15 1971 | |
| Two copies received | |
| Catalog card received | |
| Fee received | |
| Renewal | |

Page 2