Allen C. Wasserman (AW-4771)
GREGORY T. CASAMENTO (GC-5273)
LOCKE LORD BISSELL & LIDDELL, LLP
885 Third Avenue, 26th Floor
New York, NY 10022
(212) 947-4700 Telephone

Attorneys for Defendants Premise Media Corporation, L.P.,
C&S Production L.P. d/b/a Rampant Films, Premise Media Distribution L.P.
and Rocky Mountain Pictures, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- x
                                                          :
YOKO ONO LENNON, SEAN ONO                                 :
LENNON, JULIAN LENNON, and EMI                            :    08 CV 3813
BLACKWOOD MUSIC, INC.,                                    :
                                                          :
                    Plaintiffs,                           :    **DEFENDANTS' ANSWER TO**
                                                          :    **FIRST AND SECOND CLAIMS FOR**
          -against-                                       :    **RELIEF IN THE COMPLAINT**
                                                          :
PREMISE MEDIA CORPORATION, L.P.,                          :
C&S PRODUCTION L.P. d/b/a RAMPANT                         :
FILMS, PREMISE MEDIA DISTRIBUTION                         :
L.P. and ROCKY MOUNTAIN PICTURES,                         :
INC.,                                                     :
                    Defendants.                           :
-------------------------------------------------------- x

Defendants Premise Media Corporation, L.P., C&S Production L.P. d/b/a Rampant

Films, Premise Media Distribution L.P. and Rocky Mountain Pictures, Inc. (collectively

"Premise Media" or "Defendants") respond to the First and Second Cause of Action in the

Complaint of Plaintiffs Yoko Ono Lennon, Sean Ono Lennon, Julian Lennon, and EMI

Blackwood Mucic Inc. (collectively "Plaintiffs") as follows. Plaintiffs have granted Defendants

an extension of time to respond to the Third Cause of Action in the Complaint. An amended

answer responding to the allegations relating to this additional claim will be timely filed.

DALLAS:0101016.00002:1686534

## Answer to The Parties Jurisdiction and Venue

1.    Defendants admit that Yoko Ono Lennon is listed as a renewal claimant on the copyright renewal certificate for the song "Imagine" (the "Song") attached to the complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1 and therefore deny the same.

2.    Defendants admit that Sean Ono Lennon is listed as a renewal claimant on the copyright renewal certificate for the song "Imagine" attached to the complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2 and therefore deny the same.

3.    Defendants admit that Julian Lennon is listed as a renewal claimant on the copyright renewal certificate for the song "Imagine" attached to the complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3 and therefore deny the same.

4.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 and therefore deny the same.

5.    Defendants admit the allegations contained in Paragraph 5.

6.    Defendants admit the allegations contained in Paragraph 6.

7.    Defendants admit the allegations contained in Paragraph 7.

8.    Defendants admit the allegations contained in Paragraph 8.

9.    The allegations contained in Paragraph 9 contain legal conclusions which require no answer.

10.    The allegations contained in Paragraph 10 contain legal conclusions which require no answer.

11.     Defendants admit that the film "Expelled: No Intelligence Allowed" (the "Film") has been shown in theaters in this judicial district.  The remaining allegations contained in Paragraph 11 contain legal conclusions which require no answer.

## Answer to the Background Facts

12.     Defendants admit the allegations of Paragraph 12.

13.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore deny the same.

14.     Defendants admit that the Song appeared on the album entitled "Imagine" by John Lennon.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 and therefore deny the same.

15.     The allegations contained in Paragraph 15 relate solely to the Third Claim of Relief to which a response is not required at this time.  Defendants will amend its answer to respond to the allegations contained in this paragraph within the deadline to respond to the Third Claim of Relief.

16.     The allegations contained in Paragraph 16 relate solely to the Third Claim of Relief to which a response is not required at this time.  Defendants will amend its answer to respond to the allegations contained in this paragraph within the deadline to respond to the Third Claim of Relief.

17.     The allegations contained in Paragraph 17 relate solely to the Third Claim of Relief to which a response is not required at this time.  Defendants will amend its answer to respond to the allegations contained in this paragraph within the deadline to respond to the Third Claim of Relief.

**Answer to The Film**

18.    Defendants admit that there have been numerous press reports regarding the Film. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 and therefore deny the same.

19.    Defendants admit that none of the Plaintiffs granted permission for the use of the Song in the Film but expressly deny that Plaintiffs permission was required for the use of a brief fragment of the Song in the Film.

20.    Defendants admit there was one such "blog".

21.    Defendants admit that the Film is showing at the E-Walk Stadium 1 Cinemas located at 247 West 42nd Street in New York City and that the Film uses a brief fragment of the recording of the Song of approximately 15 seconds along with the corresponding single line of lyrics shown as a subtitle on the screen.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations as to the time of the showing and therefore deny the same.  Defendants deny that the brief fragment of the Song was a prominent feature of the Film as well as any remaining allegations contained in Paragraph 21

22.    Defendants admit the allegations contained in Paragraph 22.

23.    Defendants admit that they obtained synchronization licenses for the use of various musical compositions when legally required to do so.  Defendants admit that none of the Plaintiffs granted permission for the use of the Song in the Film but expressly deny that Plaintiffs permission was required for the use of the brief fragment of the Song in the Film.  Defendants deny the remaining allegations contained in Paragraph 23.

24.    Defendants admit that the rolling credits at the end of the Film state the ownership and any permissions obtained for each song used in the Film.  Defendants deny the remaining allegations contained in Paragraph 24.

25.    The allegations contained in Paragraph 25 relate solely to the Third Claim of Relief to which a response is not required at this time.  Defendants will amend its answer to respond to the allegations contained in this paragraph within the deadline to respond to the Third Claim of Relief.

26.    The allegations contained in Paragraph 26 relate solely to the Third Claim of Relief to which a response is not required at this time.  Defendants will amend its answer to respond to the allegations contained in this paragraph within the deadline to respond to the Third Claim of Relief.

27.    Defendants admit expressly deny they needed any such permission.  Defendants deny the remaining allegations contained in Paragraph 27.

28.    The allegations contained in Paragraph 28 relate solely to the Third Claim of Relief to which a response is not required at this time.  Defendants will amend its answer to respond to the allegations contained in this paragraph within the deadline to respond to the Third Claim of Relief.

## Answer to the First Claim for Relief
## (Copyright Infringement)

29.    Defendants repeat and restate the responses contained in paragraphs 1 through 28 with the same force and effect as if fully stated forth herein.

30.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 and therefore deny the same.

31.    Defendant admits that Exhibit A purports to be copyright registration RE-796-356 dated December 31, 1998 and Exhibit B purports to be a copyright registration EU277294 dated September 15, 1971.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 31 and therefore deny the same.

32.    Defendants admit that none of the Plaintiffs granted permission for the use of the Song in the Film but expressly deny that Plaintiffs permission was required for the use of the brief fragment of the Song in the Film.  Defendants deny the remaining allegations contained in Paragraph 32.

33.    The allegations contained in Paragraph 33 contain legal conclusions which require no answer.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph 33.

34.    The allegations contained in Paragraph 34 contain legal conclusions which require no answer.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph 34.

35.    The allegations contained in Paragraph 35 contain legal conclusions which require no answer.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph 35.

36.     The allegations contained in Paragraph 36 contain legal conclusions which require no answer.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph 36.

### Answer to the Second Claim for Relief
### (Injunction)

37.     Defendants repeat and restate the responses contained in paragraphs 1 through 37 with the same force and effect as if fully stated forth herein.

38.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 and therefore deny the same.

39.     Defendants deny that they have publicly disseminated the Song, but rather only admit that they included a small fragment of the Song in the Film.  The remaining allegations contained in Paragraph 39 contain legal conclusions which require no answer.  To the extent an answer is required, Defendants deny the remaining allegations contained in Paragraph 39.

40.     Defendants deny the allegations of Paragraph 40.

41.     The allegations contained in Paragraph 41 contain legal conclusions which require no answer.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph 41.

### Answer to the Third Claim for Relief by Yoko Ono Lennon
### (Violation of §43(a) of the Lanham Act)

42.     The allegations contained in Paragraph 42 relate solely to the Third Claim of Relief to which a response is not required at this time.  Defendants will amend its answer to respond to the allegations contained in this paragraph within the deadline to respond to the Third Claim of Relief.

43.     The allegations contained in Paragraph 43 relate solely to the Third Claim of Relief to which a response is not required at this time.  Defendants will amend its answer to respond to the allegations contained in this paragraph within the deadline to respond to the Third Claim of Relief.

44.     The allegations contained in Paragraph 44 relate solely to the Third Claim of Relief to which a response is not required at this time.  Defendants will amend its answer to respond to the allegations contained in this paragraph within the deadline to respond to the Third Claim of Relief.

45.     The allegations contained in Paragraph 45 relate solely to the Third Claim of Relief to which a response is not required at this time.  Defendants will amend its answer to respond to the allegations contained in this paragraph within the deadline to respond to the Third Claim of Relief.

46.     The allegations contained in Paragraph 46 relate solely to the Third Claim of Relief to which a response is not required at this time.  Defendants will amend its answer to respond to the allegations contained in this paragraph within the deadline to respond to the Third Claim of Relief.

47.     The allegations contained in Paragraph 47 relate solely to the Third Claim of Relief to which a response is not required at this time.  Defendants will amend its answer to respond to the allegations contained in this paragraph within the deadline to respond to the Third Claim of Relief.

48.     The allegations contained in Paragraph 48 relate solely to the Third Claim of Relief to which a response is not required at this time.  Defendants will amend its answer to

respond to the allegations contained in this paragraph within the deadline to respond to the Third Claim of Relief.

49.     The allegations contained in Paragraph 49 relate solely to the Third Claim of Relief to which a response is not required at this time.  Defendants will amend its answer to respond to the allegations contained in this paragraph within the deadline to respond to the Third Claim of Relief.

50.     Defendants deny that Plaintiffs are entitled to any of the relief for which they pray.

### Defenses

51.     Pursuant to Fed. R. Civ. P. 12(b)(6), the Complaint should be dismissed for failure to state a claim upon which relief can be granted.

52.     Defendant's deny that they ever infringed Plaintiff's copyright, but in the unlikely event that the trier of fact so finds, any infringement was done so with innocent intent.

53.     Plaintiffs' alleged copyright registrations are invalid or unenforceable due to the failure to comply with the requirements of Title 17 of the United States Code.

54.     Plaintiffs' claims are barred because the use of the short fragment of the Song in the Film for purposes of criticizing the content of the Song is constitutionally protected by the First Amendment of the United States Constitution.

55.     Plaintiff's claims should be denied because the use of the short fragment of the Song in the Film for purposes of criticizing the content of the Song is protected by fair use, both as set forth in 17 U.S.C. §107 and the common law.

56.    Plaintiff's request for injunctive relief is barred by the First Amendment of the United States Constitution as well as the fair use defense, both as set forth in 17 U.S.C. §107 and the common law.

57.    Upon information and belief, Plaintiff's request for equitable relief should be denied due to their own inequitable conduct, unclean hands, and misrepresentations, as well as because Plaintiffs have an adequate remedy at law.

58.    Any award of injunctive relief is not reasonable in view of the facts of this case as required under 17 U.S.C. §502(a).

59.    Plaintiffs have not suffered any recoverable damages as a result of the complained of acts of Defendants, including that Plaintiffs have not suffered any damages under 17 U.S.C. §504(a) as a result of the alleged copyright infringement of Defendants.

60.    Any damages and profits sought by Plaintiffs are limited, in whole or in part, pursuant to 17 U.S.C. §504(b) and exclude deductible expenses and any elements of profit attributable to factors other than the alleged copyrighted work.

61.    Defendant has made no profit as a result of the complained of acts, including any profit under 17 U.S.C. §504(b) that is attributable to the alleged copyright infringed.

62.    Any statutory damages sought by Plaintiffs pursuant to 17 U.S.C. §504(c) are limited, in whole or in part, to clause (1) of that subsection because any alleged infringement was not committed willfully.

63.    Plaintiffs' request for an order requiring Defendants to turn over to Plaintiffs all copies of the Film is not reasonable in view of the facts of this case as required under 17 U.S.C. §503(a).

64.    Defendants acted in good faith, inadvertently, or without the requisite intent.

65.    Upon information and belief, the copyright in the Song fell into the public domain prior to Defendants' acts complained of herein and therefore its use cannot form the basis for a claim of copyright infringement.

66.    Plaintiffs claims for copyright infringement are barred by the doctrine of copyright misuse.

### Request for Relief

Wherefore, Defendants pray for relief as to Plaintiff's Complaint that:

A.    Plaintiffs Complaint be dismissed with prejudice;

B.    Judgment be entered that Plaintiffs take nothing from Defendants, including that Plaintiffs are not entitled to any damages from Defendants, either actual or statutory;

C.    Judgment be entered awarding Defendants their costs, expenses and attorneys fees including for any appeal herefrom pursuant to 17 U.S.C. §505;

D.    Judgment be entered that Plaintiffs' request for injunctive relief is denied;

E.    Judgment be entered that Plaintiffs are not entitled to any costs or attorneys' fees under 17 U.S.C. §505 or any other provision; and

F.    That Defendants be granted any other relief that the Court may deem appropriate.

Dated: New York, New York
      May 14, 2008

                                        Respectfully submitted,


                                        /s/_____
                                        Allen C. Wasserman (AW-4771)
                                        Gregory T. Casamento (GC-5273)
                                        LOCKE LORD BISSELL & LIDDELL, LLP
                                        885 Third Avenue, 26th Floor
                                        New York, NY  10022
                                        (212) 947-4700 Telephone
                                        (212) 947-1202  Facsimile
                                        awasserman@lockelord.com


DALLAS:0101016.00002:1686534

gcasamento@lockelord.com

**Of Counsel:**

Anthony Falzone
Julie Ahrens (JA-0372)
Center for Internet and Society
STANFORD LAW SCHOOL
559 Nathan Abbott Way
Stanford, CA  94305-8610
(650) 736-9050 Telephone
(650) 723-4426  Facsimile
Email: Anthony.Falzone@stanford.edu
Julie.Ahrens@stanford.edu


Roy W. Hardin
April R. Terry
LOCKE LORD BISSELL & LIDDELL, LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas  75201
(214) 740-8000 Telephone
(214) 740-8800  Facsimile
Email: rhardin@lockelord.com
aterry@lockelord.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed Defendant's Answer to First and Second Claims for Relief in the Complaint by using the CM/ECF system, and accordingly served all parties who receive notice of the filing via the Court's CM/ECF system including Counsel for Plaintiffs, specifically Dorothy M. Weber, Esq., of Shukat Arrow Hafer Weber & Herbsman, LLP., on this 14th day of May, 2008.

By:  /s/
_____
Allen C. Wasserman (AW-4771)
Gregory T. Casamento (GC-5273)
LOCKE LORD BISSELL & LIDDELL, LLP
885 Third Avenue, 26th Floor
New York, NY 10022
(212) 947-4700 Telephone
(212) 947-1202 Facsimile
wasserman@lockelord.com
gcasamento@lockelord.com

DALLAS:0101016.00002:1686534